Good morning. May it please the court, my name is Carol Lelewski and I represent Tom Ranes, the defendant appellate in this case. I'd like to reserve two minutes per rebuttal if possible. All right. The recent Ninth Circuit case, Lanier, is dispositive of the waiver issue in this case. There, pursuant to a plea agreement, the defendant waived his right under 18 U.S.C. 3742 to appeal the sentence imposed. Three years after sentencing, he brought a motion to reduce his sentence in the district court. Lost in the district court. Brought an appeal to this court. The government said no, he can't appeal. He waived his right to appeal the sentence. This court said, we interpret plea agreements by the rules of contract interpretation. We're going to hold the government to the literal terms of the plea agreement. He's not appealing the sentence imposed. He's appealing the district court's denial of his motion. And this court permitted the appeal. So, counsel, you see a distinction between waiving the right to appeal your sentence and waiving the right to appeal a guilty plea? Clearly, your honor. There is a difference between waiving your right to appeal your sentence and your guilty plea. Okay, so what case – you think Lanier is the closest case? We don't have a case directly on point for that issue, do we? I do not believe we have a case directly on point for this issue. So we would be making a ruling of first impression if we make a distinction between an appeal waiver of the sentence and appeal waiver of the taking of a guilty plea and the denial of a right to withdraw that guilty plea. So we'd be making a distinction between those two concepts. No, your honor. I'm sorry. I misunderstood your first question. The distinction between appealing a motion after you agreed to – appealing a motion against sentencing your sentence versus appealing a motion after you agreed not to appeal your conviction, that's a distinction without a difference. There is no substantive distinction between the posture of Lanier and the posture here. And we would not be making new law on this case. We'd be following Lanier. What was the posture in Lanier? What was the – he was appealing a sentence. He had waived his right to appeal the sentence imposed. He brought a motion in the district court for a reduction of sentence because of a change in the guidelines, and he lost on that issue. Then he brought the appeal of that motion here. And the court allowed that appeal even though the original motion attacked the sentence. The original motion was for a direct attack on the sentence to reduce the time – Has there been a change in the law in Lanier? I do not believe that was a change in the law, your honor. There is an earlier case that the government cited in its supplemental memorandum, which is Michelin. And I'd like to address Michelin briefly because that is not precedential in this situation. In Michelin, the court assumed without explaining, without litigating the issue, that to appeal – to waive your right to appeal your conviction, you've also waived your right to appeal a motion to withdraw your conviction. But there is a long line of cases in this circuit that hold that unless an issue is fully litigated, a decision on the issue is not precedential. It's not precedential if there's a judicial assumption on the issue. And I gave the court Sorensen v. Mink on this point, which was faced with determining the correct formula for attorney's fees, whether to use the current consumer price index or a past consumer price index. The court was faced with three prior published Ninth Circuit cases, all of which had assumed you use the current consumer price index. The court held these aren't precedent. It's a judicial assumption. And unless the issue is fully litigated, then it's not precedent. Because we have controlling precedent in this court, there's no reason to turn for recourse to the Tenth Circuit decision of Elliott, which the government cites. It's well established that when the Ninth Circuit has binding authority, we don't look to other circuits. But there are other reasons why this court should not look at Elliott. Elliott shouldn't even be persuasive authority here, because the court didn't do what courts in this circuit do. mandate that you do, which is apply contract principles or contract interpretations to your plea agreements. Counsel, could we go back to the Lanier case? I don't know how you pronounce it. But wasn't that case involving the amendment to the crack cocaine sentencing guidelines, and that was the basis upon which the defendant asked the court to reduce his sentence? So there was a change that resulted in the defendant asking to have his sentence reduced, and this wasn't there? The amendment to the guidelines, right, yes. So there's a different circumstance here. We don't have an intervening change in the guidelines or in law that might prompt a defendant to seek a modification. So are you addressing the substance of the appeal? I'm asking you why you think you said that the result in this case was dictated by Lanier, and I'm asking you why that's true in view of the fact that there was an intervening change in the guidelines that prompted the motion. Because strictly for the waiver issue, the issue is solely what did the party, actually the issue is what the defendant could reasonably have understood the plea agreement to mean at the time that he entered the plea. Right, and it wouldn't be reasonable to expect the defendant to waive a right that didn't yet exist because the modifications to the guidelines were not yet in existence. No, Your Honor, I disagree. The defendants, when they waive their right to appeal, consistently waive rights they don't even know they have. Modifications don't matter. If he had waived in Lanier or in this case, if he had waived all rights to appeal, there's no way that the Court would have heard the case. But because he limited the appeal waiver to the sentence imposed, the Court applied strict, strictly construed that provision and said, well, only the sentence imposed can't be appealed, but you can appeal the motions about the sentence. And the same is true in this case. If Mr. Raines had appealed, had waived his right to any appeal, then we wouldn't be here. But he only waived his right to appeal his conviction so that he can appeal a motion attacking his conviction. And whether or not something happens after he's sentenced doesn't make a difference in terms of the appellate waiver. It does make a difference in terms of the substantive issue, which is whether he had the right to withdraw his plea. If we get to the merits of the case, Raines is contending that there's law to the effect, I think, that there's a question whether the government could have proved that he, that use of the silencer in a particular crime that the government was going to, that said that they would charge him if he didn't plead guilty to the rest of the crimes. And he said, well, he would not have entered the plea he did if he knew about the problems that existed with trying to establish the propriety of the use of a silencer. Something to that effect. Now, as I read the record, he did research on his own and found three cases that he thought had something to do with the question as to whether the silencer could be properly established. And that was before he pled guilty. He didn't apparently do further research or have his attorney do further research. And he eventually determined that the cases he found were really insufficient to establish the point that he wanted to make. And he went ahead and pled guilty. Now, how do we then at this time say that he was misled or that there was something that would have made a difference had he known about it? He did know about it. What we say at this time is that at the time he pleaded guilty, his attorney had done no research into the... And it's his attorney's duty. It's not whether the client did the research. Now, the attorney has now done some research, apparently, and found cases, but they don't apply. He said he found cases, but we don't know what those cases are. He hasn't told us what the cases are. He cited the cases in the memorandum. And the cases state that the government is required to prove that the device at issue is actually usable as a silencer and also that the government in those cases used ATF agents to test the decibel reduction level of those devices. And in this case, we don't have the device. So when Mr. Raines learned that this is how these cases are proven and this is the burden of proof that the government had, he just realized that he didn't need to plead guilty. And that's the change of circumstance we have here. We have first his attorney telling him, no, there aren't cases that support your position. These cases don't support your position. The attorney comes back and does research and says, well, okay, these cases do support your position. And it was this change, this reliance on his attorney's misinformation that caused him to plead guilty. And if he had had proper advice at the beginning, a reasonable person in his position could at least plausibly have been decided not to plead guilty. And that's the standard to be applied in this case, and that's the standard the court will apply. Counsel, we'll give you some time for rebuttal, but you said previously that if your client had agreed to waive all his rights, then you wouldn't be here? Yes, Your Honor. And when you sit down, you can look at this. On ER 32, it appears that at the beginning of the plea agreement, he did agree to waive all rights to appeal the conviction and sentence imposed. Why doesn't that bar your ---- I'm sorry for interrupting. It doesn't bar because of the terms of the conviction and sentence. There's another tenet of contract interpretation which says that the general. He specifically waived his right to appeal his conviction and his sentence, and that's it. He didn't waive his right to appeal motions filed and denied. I understand. All right. Thank you. Thank you. Counsel, is this a case of the plea agreement being too specific? No, Your Honor. And good morning. My name is Frank Russo. I represent the United States. I don't believe the plea agreement in this particular case is too specific. In fact, I believe the plea agreement is quite broad. And I believe, to answer Your Honor's earlier question, that there is precedent for this type of waiver controlling the situation at bar. And counsel alluded to that. That is, first, the United States versus Michelin. In Michelin, that was a case that involved a waiver of the defendant's conviction and his sentence. And in that case, this court went on to hold that the waiver of the conviction and sentence bars the defendant's appeal of a denial of a motion to withdraw his guilty pleas. So that case is completely on point, I'd suggest. And I'd also suggest the case that I relied on heavily in my brief, Geronimo, which is a more recent case, was also on point. I think counsel is attempting to make a distinction without a difference. She's attempting to circumvent the waiver provision of the plea agreement by claiming that Mr. Raines didn't waive his right to appeal the denial of his motions to withdraw his guilty pleas. He just waived his right to appeal his conviction and his sentence. First of all, I'd suggest to the court that's a bit disingenuous because, make no mistake, Mr. Raines isn't going to be satisfied if he goes back to the district court and the district court applies some standard that he believes is correct and denies his motion anyway. Make no mistake, he wants to vacate his conviction by bringing this appeal. So I believe that's the first point. Second of all, in line with the 28J letter I supplied to the court, every court to address this issue has held that an appeal of a motion to withdraw the guilty plea is an attack on a conviction. That was clear in the Elliott case, which is obviously persuasive. It's a Tenth Circuit case, but very factually similar procedural standpoint. The Michelin case and the Geronimo case. If I may also address Your Honor's concerns about the Lanier case. Aside from being a law that was not in existence when Lanier pled guilty, there is another important distinction in that particular case. And that was a case arising out of the District of Alaska. And in that case, Judge Singleton, the district court judge, denied Lanier's motion because he believed that he didn't have jurisdiction to hear the motion. So he said, I don't have jurisdiction. Lanier appealed. And this court held that actually Judge Singleton did have jurisdiction to hear that motion and the waiver didn't cover the district court's belief that it didn't have jurisdiction. If you contrast that with the case here, Judge Beislein, the district court judge, did hear the merits of Mr. Raines' appeal, or excuse me, his withdrawal of guilty pleas. He found that there was no fair and just reason to withdraw those guilty pleas. And the essence of the appeal waiver in this case, as in any case, is essentially giving up all the rights to appeal the district court's rulings, but allowing the district court to make those rulings. Taking the defense counsel's construction of the right to appeal, it would essentially invalidate all waivers. Or in the alternative, it would certainly cause us to re-evaluate our plea agreements and double the size because we'd have to include every right that the defendant was waiving in those plea agreements. I don't believe that's the law, and I believe this court has consistently held that this would render a waiver meaningless. In this case, going to the substance of the withdrawal of the guilty pleas, I believe that the case I cited in my 28-J letter ends meagerly on point because that holds that out-of-district case law does not provide a fair and just reason for withdrawing a guilty plea. And I suggest to the court that this case is perhaps three steps removed from what this court has previously considered a fair and just reason. First of all, it's out-of-district case law, which Ensvinger holds not a fair and just reason. Second of all, it doesn't even stand for the proposition for which it advanced. It was advanced. The cases cited by Mr. Raines below essentially dealt with the issue of silence of prosecutions and whether or not the government made out those cases, made out those statutes. The case law just recited the fact that in those cases, the government happened to have called an expert witness in those cases. It doesn't stand for the proposition that an expert is necessary to prove those. So it really doesn't stand for the proposition advanced, and that point is conceded by Mr. Raines in his declaration in the record. And finally, this has nothing to do with the charge to which he pled. This had to do with another charge that he bargained away by pleading guilty. Actually, the government bargained away, and it's very similar to Judge Thompson's recent decision in the Showalter case, which held that a miscalculation of the strength of the government's case does not provide a fair and just reason to withdraw a plea. So we have a case here which was several steps removed, and as Judge Thompson pointed out, Mr. Raines was aware of this issue and flagged it for his attorney before he pled guilty. And if I may briefly refer to the record, on page 101 there's an affidavit from Mr. Raines. I can read from it, paragraph 9, states that while in Anchorage, Mr. Bentley, who was Raines' former attorney, engaged in further plea negotiations. Thereafter, Mr. Bentley and his investigator, Joe Austin, came to see me again at Cook Inlet Correctional Facility on Thursday, February 7th, which is here in Anchorage. As far as I know, Mr. Bentley had not conducted any legal research into the silencer issue at that time. I told Mr. Bentley that I would plead guilty. So despite the fact that Mr. Raines knew that this silencer issue was out there, he made the choice to plead guilty, and certainly he could have requested for Judge Beislein to postpone the plea. He could have answered Judge Beislein's many questions to him in that he had this issue that he wanted to resolve. In fact, in the record, Judge Beislein even asks him, do you want to do this this morning? And Mr. Raines responds, yes. So this is a case in which Mr. Raines has received the benefit of his bargain. He received a 30-year certain sentence, and that was significantly better than the life sentence that Judge Beislein telegraphed that he would probably give in an open sentencing scenario. He's now attempting to deprive the government of the benefit of its bargain, and he bargained away his rights to appeal. If you have no further questions, I'll rely upon my briefs. It appears not. Counsel, we'll give you two minutes for rebuttal. Thank you, Your Honor. There are two cases in this district, in this circuit, which address the failure of the attorney to give proper advice to a client in terms of moving to withdraw the plea. Both hold that the standard in these cases for granting the withdrawal of the plea is whether proper advice could at least plausibly have caused the defendant not to plead guilty. These cases are McTiernan and Davis. The standard is also cited in Garcia. The district court did not apply that standard, and if this correct standard is applied, it would have let Mr. Raines withdraw his plea. Counsel, wouldn't that be more properly pursued in a separate and effective assistance of counsel proceeding? No, Your Honor, because this was a motion that was brought in the district court to withdraw his plea. And so the information is on the record as to whether or not he should have been entitled to withdraw his plea. It's not material that is not— But there are allegations made against the attorney, and how can we flesh those out on direct appeal? What you have are the declarations of the attorney and of Mr. Raines, and there are sufficient facts in those declarations to be able to make this determination, Your Honor. Next, the government alleges that every circuit has ruled in this way, but the government only cites Elliott. Elliott cites two cases for this proposition, neither of which support its position. The Second Circuit and the Eighth Circuit, neither one has held that appeal of a motion to withdraw your guilty plea is the same as an appeal of your conviction. What do you want us to do, though? You want us to say, all right, he can withdraw his plea and then go to trial with all the facts before the court? What I'm asking this court to do is to remand to the district court for determination of whether or not Mr. Raines could withdraw his plea based on the appropriate standard of review. And if he does withdraw the plea, then he goes to trial with everything that the government has? Yes, Your Honor, I believe that's what he would end up doing. I'd like to talk briefly about Ensminger. In Ensminger, Your Honor, this court found that the law that the defendant cited that was out of circuit wasn't even new law. The thing in that case was there was no intervening circumstance because Mr. Ensminger could have raised the appeal of the constitutional issue at the get-go. He didn't have to wait for the middle district to decide. All right, counsel, thank you. Thank you. Thank you to both counsel. The case is argued and submitted for a decision by the court. Haverly v. BBA Aviation Benefit Plan has been submitted on the brief. We'll be in recess for 10 minutes.
judges: Farris, Thompson, Rawlinson